IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MAYOR AND CITY COUNCIL OF BALTIMORE** *ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED*<br><br>v.<br><br>**MERCK SHARP & DOHME CORP.** | :<br>:<br>:<br>:<br>:  CIVIL ACTION NO. 23-0828<br>:<br>:<br>:<br>: |

**McHUGH, J.**                                                                                               **August 28, 2024**

## MEMORANDUM

This is an antitrust class action alleging that Defendant Merck Sharp & Dohme Corporation (Merck) has engaged in illegal conduct that forecloses competition in a significant portion of the rotavirus vaccine market. Plaintiff Mayor and City Council of Baltimore (Baltimore) is a third-party payor that paid for all or part of the purchase price of vaccines, including Defendant Merck's RotaTeq vaccine, pursuant to its obligations under its self-funded health insurance plan. Baltimore has moved to amend its Complaint, and in addition to opposing that motion, Merck has simultaneously filed a Motion to Strike Class Action Allegations in the Complaint pursuant to Federal Rule of Civil Procedure 23(d)(1)(D). ECF 57. Because Baltimore is correct that its suggested changes to the class definition eliminate redundancies, and because it is too early to rule on the ascertainability of the class, I will grant Baltimore's Motion to Amend and deny Merck's Motion to Strike Class Action Allegations.

**I.     Relevant Background**

The factual allegations in this case are set forth in significant detail in my prior memorandum issued on November 20, 2023. ECF 32. With discovery underway, Baltimore seeks to amend its Complaint to: (1) clarify certain ambiguities that the identified by the court in its

opinion on Merck's motion to dismiss; (2) amend the class definition; and (3) withdraw its jury demand. Mot. to Amend 2-3, ECF 55.[1] Merck counters that the proposed changes to the class definition would be futile and would not cure the Complaint of a fatal flaw: ascertainability of the class. Def.'s Opp'n to Mot. to Amend 6-10, ECF 56/59. Merck also files a Motion to Strike Class Action Allegations in the Complaint, arguing that there is "no administratively feasible mechanism" to sufficiently identify class members, and as a result, the parties should not be burdened with continued class certification proceedings at the end of discovery. Def.'s Mot. Strike 8-9.

## II. Standard of Review

### A. Motion to Amend

After an answer has been filed, the plaintiff needs either leave of court or consent from the opposing party to amend. Fed. R. Civ. P. 15(a). The Federal Rules of Civil Procedure require that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has instructed, however, that a district court may deny a motion to amend when allowing the amendment would be futile. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

### B. Motion to Strike Class Allegations

Under Federal Rule of Civil Procedure 23(d)(1)(D), the court may issue orders that require "the pleadings be amended to eliminate allegations about representation of absent persons." Courts, however, "rarely grant motions to strike under Rule 23(d)(1)(D) prior to class discovery, doing so only where 'no amount of additional class discovery will alter the conclusion' that the class is not maintainable." *Goode v. LexisNexis Risk & Info. Analytics Grp., Inc.*, 284 F.R.D. 238,

---

[1] Once a jury trial has been properly demanded, the trial must be by jury unless the parties stipulate otherwise. Fed. R. Civ. P. 39(a). Because Merck has not consented to Baltimore's request to withdraw its jury demand, Baltimore may not withdraw its demand, which Baltimore concedes. *See* Pl.'s Mot. to Amend Reply Br. 10, ECF 66.

244 (E.D. Pa. 2012) (DuBois, J.) (citing *Thompson v. Merck & Co.*, No. 01-1004, 2004 WL 62710 (E.D. Pa. Jan. 6, 2004) (Weiner, J.)); *see also Salyers v. A.J. Blosenski, Inc.*, --- F. Supp. 3d ---, 2024 WL 1773368, *2 (E.D. Pa. Apr. 24, 2024) (Beetlestone, J.).

### III.    Discussion

Baltimore defines the class as:

> [A]ll entities that (i) are third-party payors that (ii) have purchased, paid, and/or provided reimbursement for some or all of the purchase price of RotaTeq; (iii) for consumption by their members, employees, insureds, participants, or beneficiaries (iv) in one of the Repealer Jurisdictions (v) after March 3, 2019, and (vi) do not fall within any of the two exclusion categories.

Pl.'s Mot. to Amend Reply Br. 5, ECF 66.  The class definition originally listed four exclusion categories, which the proposed amendment would reduce to two. The substantive change proposed is the removal of the following exclusion category: "(c) fully insured health plans (i.e., health plans that purchased insurance from another third-party payor covering 100% of the plan's reimbursement obligations to its members)."  *See* ECF 55, Ex. 2 - Redline of First Am. Compl. 44, Merck argues that removing this category would be futile in that doing so "creates an intractable ambiguity in the class definition, because as the Third Circuit has recognized [in *Niaspan*], fully-insured health plans do not bear the risk of loss for any over-payment for medical benefits, and as a result, such plans are not appropriate class members."[2]  Def.'s Opp'n to Mot. Amend 8.  Merck goes on to argue that regardless of the exclusion, a class cannot be certified because there is no administratively feasible mechanism to identify class members without

---

[2] "In a self-insured health plan, the plan pays for its beneficiaries' prescription drugs using funds provided by the sponsor and by its beneficiaries.  Because a self-insured sponsor bears the financial risk for the health benefits of its participants, it is an end-payor of prescription drugs.  Conversely, in a fully insured plan, the plan sponsor pays premiums to a health insurer, and that insurer bears the financial responsibility for the payments of prescription drugs, making it, rather than the plan sponsor, the end-payor." *In re Niaspan Antitrust Litig.*, 67 F.4th 118, 122 (3d Cir. 2023).

individualized fact-finding, as demonstrated by *In re Niaspan Antitrust Litig.*, 67 F.4th 118, 122 (3d Cir. 2023).

In *Niaspan*, end-payors of prescription drugs alleged that brand-name drug manufacturers entered into anticompetitive "pay-for-delay" agreements to delay the introduction of certain generic prescription drugs, inflating prices for consumers. *In re Niaspan Antitrust Litig.*, 67 F.4th 118, 121 (3d Cir. 2023). At the class certification stage, the District Court rejected the class for its failure to demonstrate ascertainability, which the Third Circuit affirmed. *Id.* at 122. Specifically, *Niaspan* held that because the plaintiffs were unable to propose any viable and administratively feasible method to exclude fully insured health plans from the putative class, the class did not meet the ascertainability requirement and could not be certified. *Id.* at 125.

*Niaspan* differs from this case in several important respects. First, *Niaspan* was decided at the class certification stage, *after* the close of discovery. Second, the data set available to the plaintiffs in *Niaspan* derived from Pharmacy Benefit Managers (PBM), and the Court found that "PBMs cannot identify class members because their data does not show whether, in any given transaction, an entity is an end-payor, a fully insured health plan, or an administrative intermediary." *Id.* at 136.

Here, the parties are still in a relatively early stage of litigation before the end of fact discovery. Moreover, the data set needed to identify fully insured health plans would allegedly not involve the use of PBM data since this case does not involve prescription drugs. *See* Pl.'s Opp'n to Mot. Strike 21-22, ECF 65 ("In contrast, rotavirus vaccines are administered in physicians' offices, rather than pharmacies, and are thus covered as a medical benefit rather than pharmacy benefit."). And even if Merck is correct that ultimately Baltimore will be unable to meet the Third Circuit's ascertainability requirement, on the record before me, it is too early to make

such a determination. *See Bernstein v. Serv. Corp. Int'l*, No. 17-4960, 2018 WL 6413316, *3 (E.D. Pa. Dec. 6, 2018) (McHugh, J.) ("[A] plaintiff may generally conduct discovery relevant to the Rule 23 class certification requirements, and courts should only grant a motion to strike class allegations if class treatment is evidently inappropriate.") (citation omitted).

I am also unpersuaded by Merck's argument that removing the exclusion creates an "intractable ambiguity." Def.'s Opp'n to Mot. Amend 8. As Baltimore explains, "neither class definition includes 'health plans' at all, rather the class is defined to include *third-party payors*. And in *both* the Complaint and the [proposed First Amended Complaint], the class is defined with reference to objective criteria that do not include the *sponsors* of fully-insured plans." Pl.'s Mot. to Amend Reply Br. 5. Removing the exclusion does in fact correct a redundancy, and it is still required that "in order to be a class member, an entity must be a 'third party payor' that 'purchased, paid, and/or provided reimbursement for . . . RotaTeq.'" *Id.* In short, removing the exclusion does not alter the class definition in the way that Merck claims, and sponsors of fully insured health plans would still be excluded as class members.

### IV.   Conclusion

For the reasons set forth above, Plaintiff's Motion to Amend will be granted, except as to withdrawal of the jury demand. Defendant's Motion to Strike Class Allegations will be denied. An appropriate order follows.

                                              /s/ Gerald Austin McHugh
                                              United States District Judge